IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,   : | |
| Plaintiff   : | |
| : | |
| v.   : | Criminal Action No. 06-21-SLR |
| : | |
| JASON QUARLES, a/k/a JASON   : | |
| PETERS,   : | |
| : | |
| Defendant.   : | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Beth Moskow-Schnoll, Assistant United States Attorney for the District of Delaware, and on behalf of and with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Jason Quarles, by and through his attorney, Christopher Koyste, Esquire, the following agreement is hereby entered into by the respective parties:

1.     The defendant, Jason Quarles, agrees to waive indictment and plead guilty to an Information charging him with three counts of passing counterfeited securities in violation of Title 18, United States Code, Section 513(a). Each violation of that statute carries a maximum penalty of 10 years imprisonment, a $250,000 fine, 3 years supervised release, and a $100 special assessment.

2.     The defendant understands that if there were a trial, the government would have to prove the following elements with respect to each count of the Indictment: (a) that the defendant uttered a counterfeited security of an organization, here a bank or federal credit union that

operates in interstate commerce; (b) with the intent to defraud, that is, intending to cheat someone.

3.  The defendant knowingly, voluntarily, and intelligently admits the following facts: (a) from in or around February 2003, through in or around November 2005, using his own name and the names "Jason Peters" and "Ford Hughes", the defendant knowingly and voluntarily used counterfeited checks to purchase items from retailers in Delaware, New Jersey, and Pennsylvania; (b) several days after purchasing the items, the defendant and/or a person known to the defendant would return the items that had been purchased with the counterfeited checks in order to receive cash back from the retailer; and (c) the face value of the checks negotiated by the defendant was $101,306.17.

4.  The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The parties hereby agree that U.S.S.G. § 2B1.1 is applicable to the offense to which the defendant is pleading guilty and further agree and stipulate that the value of the counterfeited checks, including relevant conduct pursuant to U.S.S.G. § 1B1.3, was $101,306.17. The defendant further understands that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines.

5.  The defendant agrees that the actual loss caused by the offense, including relevant conduct pursuant to U.S.S.G. § 1B1.3, was $101,306.17, and he agrees to pay restitution in that amount.

6.  The defendant agrees to pay a $100 special assessment for each count of conviction at the time of sentencing. Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

7.  Provided that the United States Attorney does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, at sentencing, (a) the United States agrees not to contest a reduction under U.S.S.G. § 3E1.1(a) based on the defendant's conduct to date; and (b) if the Court determines that the defendant's offense level is 16 or higher, the United States agrees to move for a three level reduction under U.S.S.G. § 3E1.1(b) based on the defendant's conduct to date.

8.  At the time of sentencing, the government agrees to move to dismiss the Indictment that was returned against the defendant on February 28, 2006.

9.  The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. The defendant understands and agrees that if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the defendant does not receive the benefits he expects from any such stipulation or recommendation, the defendant may not withdraw his guilty plea on that basis.

10. It is further agreed by the parties that this Memorandum supersedes all prior

promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

COLM F. CONNOLLY
United States Attorney

_____
Jason Quarles
Defendant

BY: _____
Beth Moskow-Schnoll
Assistant United States Attorney

_____
Christopher Koyste
Attorney for Defendant

Dated:   9-11-2006

AND NOW, this 14th day of September, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
HONORABLE SUE L. ROBINSON
Chief United States District Court Judge