UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3963
_____

UNITED STATES OF AMERICA

vs.

JASON QUARLES
a/k/a Jason Peters,

Jason Quarles, Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
(D.C. Crim. No. 06-cr-00021)
District Judge: Sue L. Robinson
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 24, 2008
Before: McKEE, FUENTES, and WEIS, Circuit Judges.
_____

JUDGMENT

    This cause came to be heard on the record from the United States District Court for the District of Delaware and was submitted on July 24, 2008.

    On consideration whereof, it is here now ORDERED AND ADJUDGED by this Court that the Order of the United States District Court for the District of Delaware entered September 28, 2007 be, and the same is hereby affirmed.

    All of the above is in accordance with the Opinion of this Court.

ATTEST:

/s/ Marcia M. Waldron
Clerk

Dated: July 30, 2008

07-3963
USA v. Charles
Page 2



**Certified as a true copy and issued in lieu
of a formal mandate on** 08/21/2008

**Teste:** *Marcia M. Waldron*
**Clerk, U.S. Court of Appeals for the Third Circuit**

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3963
_____

UNITED STATES OF AMERICA

vs.

JASON QUARLES
a/k/a Jason Peters,
     Jason Quarles, Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
(D.C. Crim. No. 06-cr-00021)
District Judge: Sue L. Robinson

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 24, 2008
Before: McKEE, FUENTES, and WEIS, Circuit Judges.
(Filed: July 30, 2008)

_____

OPINION
_____

WEIS, Circuit Judge.

     Defendant Jason Quarles pleaded guilty to three counts of uttering counterfeited securities in violation of 18 U.S.C. § 513(a). He was sentenced to

1

concurrent terms of 12 months imprisonment followed by three years of supervised release and was ordered to pay $101,306.17 in restitution. On appeal, Quarles contends that his sentence is unreasonable.

We review the sentence for reasonableness. United States v. Cooper, 437 F.3d 324, 327 (3d Cir. 2006). In United States v. Gunter, 462 F.3d 237 (3d Cir. 2006), this Court set out the following three-step process that District Courts must follow in sentencing:

> "(1) Courts must continue to calculate a defendant's Guidelines sentence precisely as they would have before Booker.
> (2) In doing so, they must formally rule on the motions of both parties and state on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and take into account our Circuit's pre-Booker case law, which continues to have advisory force.
> (3) Finally, they are required to exercise their discretion by considering the relevant [18 U.S.C.] § 3553(a) factors in setting the sentence they impose regardless whether it varies from the sentence calculated under the Guidelines."

Id. at 247 (internal quotation marks, citations, and alterations omitted). Quarles argues that the District Court did not follow steps two and three because it did not address his request for a one-level downward variance and did not give meaningful consideration to the § 3553(a) factors. We hold that the District Court properly applied the three-step

process set forth by this Court in Gunter and properly exercised its sentencing discretion.

First, the District Court properly applied step two of the Gunter analysis because Quarles did not challenge the Guidelines calculation or request a departure. United States v. Goff, 501 F.3d 250, 256 (3d Cir. 2007) ("The District Court had no occasion to consider Gunter's step two, since it did not have before it any motion for a departure under the Guidelines."). A request for a variance is part of the § 3553(a) analysis at step three. Gunter, 462 F.3d at 247 n.10.

Second, the record indicates that the Court gave adequate consideration to the relevant sentencing factors. See United States v. Olfano, 503 F.3d 240, 245 (3d Cir. 2007) (District Court's brief sentencing explanation was sufficient where the record showed that it considered the defendant's arguments and the § 3553(a) factors). The United States Attorney focused his argument on the seriousness of the offense and the need for deterrence as well as the need to avoid sentencing disparities. Quarles' attorney responded to those arguments and requested a downward variance. He argued that a lower sentence would be sufficient for deterrence and that anything more would be greater than necessary to fulfill the purposes of sentencing.

After sentencing Quarles within the Guidelines range, the District Court stated that it "has considered all of the factors set forth under . . . [§] 3553(a), and find[s] this sentence to be reasonable and appropriate. This sentence addresses the seriousness of the instant offense and also promotes deterrence." The District Court then refused

Quarles' request to amend his sentence to twelve months and a day, stating "I specifically said 12 months."

By specifically referencing two of the three factors relied on by the United States Attorney and making clear that a sentence within the Guidelines range was appropriate the District Court indicated that the "defendant's arguments were simply insufficient to warrant a below-Guidelines sentence." Olfano, 503 F.3d at 245. The Court's statement allows us to perform "meaningful" review, Gall v. United States, 128 S. Ct. 586, 597 (2007), particularly given the simplicity of the factual situation and the arguments before the Court. See Rita v. United States, 127 S. Ct. 2456, 2468 (2007) (explaining that a brief statement of reasons can be sufficient where a district court is presented with "straightforward, conceptually simple arguments").

We will affirm.